D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KEVON ATTZS,

              Plaintiff,

              - against -

P.O. BRIAN MONTROSS #25528, P.O.
JOSEPH ZEOLLA #18191, P.O. DANIEL
DEFRANCESCO #5264, and HECTOR
MARTINEZ #17545,

              Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

**14-CV-3985 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Kevon Attzs is currently incarcerated at Rikers Island. On June 25, 2014, he filed this pro se Complaint pursuant to 42 U.S.C. § 1983 alleging excessive force by officers of the 67th Precinct of the New York City Police Department ("NYPD") at the time of his arrest on July 6, 2013. Plaintiff's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915,[1] the claim against the 67th Precinct of the NYPD is dismissed, and claims may proceed against the remaining Defendants as set forth below.

I.     BACKGROUND

According to the Complaint, on July 6, 2013, Plaintiff was waiting for a friend in a car outside the MoneyGram located at Utica Avenue between Church and Snyder Avenues in

---

[1] Plaintiff failed to provide the requested information in his request to proceed in forma pauperis. (See Mot. for Leave to Proceed in forma pauperis (Dkt. 2) at 1-2.) However, since the Prisoner Authorization form plaintiff submitted (see id. at 3) obligates him to pay the $350 filing fee by monthly installments out of his prison trust fund account (see June 26, 2014 Order (Dkt. 3)), the court allows this action to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. See DiGianni v. Pearson Educ., No. 10 CV 206(RJD)(LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) ("The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." (citing Maccaro v. N.Y.C. Health & Hosp. Corp., No. 1:07-cv-1413-ENV-LB, 2007 WL 1101112, at *1 (E.D.N.Y. Apr. 11, 2007); Choi v. Chem. Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996))).

1

Brooklyn, New York, when he saw a New York City police officer walking towards the car. (Compl. (Dkt. 1) at 6.)[2] Because he was "smoking" and because he had been assaulted by a police officer previously, Plaintiff exited the car and ran. When police officer "John Doe" caught up with him, the officer claimed that Plaintiff was resisting arrest, which Plaintiff denied. Immediately thereafter, "4 to 5 other police officers came and started to brutally and m[a]liciously kicking and punching me in my face and body" and made multiple racist comments. (Id.) Plaintiff was transported via ambulance to Kings County Hospital with lacerations to his eye and liver. Plaintiff alleges that he was in the hospital for "6 days," and that the "doctors told my family that I could have died," but the medical records he attaches to his Complaint indicate that he was discharged three days later, on July 9, 2013. (Id. at 6, 10, 11, 13.) Plaintiff seeks damages. (Id. at 5.) Plaintiff is currently detained pursuant to charges arising from the July 6, 2013 arrest. See Inmate Lookup Service, NYC Department of Correction, http://a073-ils-web.nyc.gov/inmatelookup/ils/pages/common/find.jsf (last visited Aug. 26, 2014).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court construes Plaintiff's pro se pleading particularly liberally because it alleges civil rights violations.

---

[2] Page numbers refer to those assigned by the court's electronic filing system.

Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Although courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. § 1983, Plaintiff must allege that "(1) the conduct complained of [was] committed by a person acting under color of state law; and (2) the conduct complained of . . . deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Although not named in the Complaint caption (see Compl. at 1), Plaintiff names the 67th Precinct of the NYPD as a Defendant in the body of the Complaint, where parties to the action are listed. (Compl. at 3.) As a division of the NYPD, a precinct is an organizational subdivision of the City of New York and lacks independent legal existence. It is therefore not a suable entity. Flemming v. New York City, No. 02 Civ. 4113(AKH), 2003 WL 296921, at *2

(S.D.N.Y. Feb. 11, 2003) (citing Dove v. Fordham Univ., 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999); Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)) (NYPD 46th Precinct). Thus, the claim against the 67th Precinct of the NYPD is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also names four police officers—Brian Montross, Joseph Zeolla, Daniel Defrancesco, and Hector Martinez—as Defendants to this action, in both the caption and body of the Complaint. (Compl. at 1, 3.) He alleges that officer "John Doe" and "4 to 5 other police officers" were involved in his beating and injuries on July 6, 2013. (Compl. at 6.) The court liberally construes the Complaint as setting forth claims against the police officers Plaintiff has named as Defendants, because Plaintiff has alleged facts sufficient to provide Defendants with a fair understanding of the substance of his grievance and to determine whether there is a basis for recovery. See Fed R. Civ. P. 8; McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2001) ("[W]hen [a] plaintiff proceeds *pro se* . . . a court is obligated to construe his pleadings liberally, particularly when they allege civil rights violations."). Thus, this action may proceed against Defendants Montross, Zeolla, Defrancesco, and Martinez.

## IV. CONCLUSION

Plaintiff's 42 U.S.C. § 1983 claim against the 67th Precinct of the NYPD is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to this Defendant.

Plaintiff's claims against the remaining Defendants may proceed. The Clerk of the Court is directed to issue a summons against Defendants Brian Montross #25528, Joseph Zeolla #18191, Daniel Defrancesco #5264, and Hector Martinez #17545, and the United States Marshals Service is directed to serve the Complaint and this Order on these Defendants without

prepayment of fees. A courtesy copy of the same documents shall also be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

/S/ Judge Nicholas G. Garaufis

Dated: Brooklyn, New York
      September 2, 2014

NICHOLAS G. GARAUFIS
United States District Judge